| | |
|---|---|
| In re: | Case No. 05-22369 |
| WANDA L. DAWSON, Debtor. | Chapter 13 |
| WANDA L. DAWSON, Plaintiff, | Adversary Proceeding No. 05-1463 |
| v. | Judge Arthur I. Harris |
| J & B DETAIL, L.L.C., *et al.*, Defendants. | |

## MEMORANDUM OF OPINION

Before the Court is the defendants' unopposed motion for summary judgment. At issue is whether the defendants willfully violated the automatic stay in allegedly depriving the debtor the use of her car postpetition. Debtor's car was equipped with a device that could prevent the car from starting, and debtor alleges that defendants refused to disable the device but instead attempted to repossess the car. In their summary judgment motion, defendants argue that they did not willfully violate the automatic stay because they attempted to disable the device but were impeded by the debtor. For the reasons that follow, defendants' motion for summary judgment is denied. Disputed material facts remain regarding what actions defendants took after receiving notice of debtor's bankruptcy case.

## JURISDICTION

To the extent that plaintiff's complaint seeks damages for alleged violations of the automatic stay, it constitutes a core matter under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. The plaintiff's complaint also contains some non-core matters. Not all parties have consented to the bankruptcy court rendering a final judgment on non-core matters, so the Court could hear those matters to the extent that subject matter jurisdiction exists under 28 U.S.C. § 1334. This Court would then submit proposed findings of fact and conclusions of law to the district court pursuant to 28 U.S.C. § 157(c)(1). In addition, defendants' summary judgment motion is not directed towards the non-core matters, so the Court need not decide at this time whether jurisdiction over those matters exists under 28 U.S.C. § 1334.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 2005, debtor Wanda Dawson filed a Chapter 13 petition. Schedule B listed a 1996 Ford Mustang, and the Chapter 13 plan proposed to pay the secured creditor, J & B Detail, LLC, $1,800 as the value of the collateral. On September 8, 2005, Dawson filed an adversary complaint against J & B Detail and

Judy Simone, an owner of the business ("defendants"). The complaint states that defendants installed a device – the On Time Pay System – on the debtor's 1996 Mustang and that this device made the car inoperable beginning August 20, 2005. The complaint further alleges that defendants refused to allow Dawson to drive the car postpetition, demanding that she first pay her debt to the defendants. The complaint asserts that defendants violated (1) the automatic stay, (2) the Fair Debt Collection Practices Act, (3) the Ohio Retail Installment Sales Act, and (4) the Consumer Sales Practices Act.

On February 27, 2006, defendants filed a motion for summary judgment (Docket #25) arguing that they "fulfilled their obligation under 11 U.S.C. § 362." The motion stated that defendants took immediate action to deactivate the On Time Pay System once they learned of Dawson's bankruptcy case. Defendants stated that Dawson refused to allow defendants near the car and that Dawson's husband was the cause of the car becoming inoperable. The motion for summary judgment requested that the Court also "address" plaintiff's claims under the Ohio and federal consumer protection statutes, but the defendants did not otherwise discuss those statutes in their motion.

Attached to defendants' motion are several documents: (1) the deposition of Dawson, (2) the deposition of Richard Paytosh, a former employee of J & B Detail

3

and installer of the On Time Pay System, and (3) an affidavit from Simone. In her deposition, Dawson states that her attorney faxed her bankruptcy petition to Simone on August 17, 2005, but that in a follow up phone conversation on that same day, Simone told Dawson that she "couldn't put [the Mustang] on the bankruptcy" and that she "couldn't file the bankruptcy." Dawson also stated that her husband was then told "the car would be shut off." Dawson stated that no one from J & B Detail tried to call her prior to August 20, the day that Dawson claims the car shut off due to the On Time Pay System. Dawson further stated that Paytosh arrived on August 20, after the car had already become inoperable, and attempted to repossess the car. According to Dawson, Paytosh did not say that he was merely going to make the car operable so that Dawson could resume driving it. Dawson also denied that her husband did anything more than remove one foam-like wire near the On Time Pay System box. She said the car was still operable after the wire was removed. Simone's affidavit and Paytosh's deposition contain statements that contradict many of the statements from Dawson.

Dawson did not file a timely opposition to the defendants' motion. The Court is now ready to rule.

4

05-01463-aih    Doc 29    FILED 03/31/06    ENTERED 03/31/06 08:05:53    Page 4 of 9

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the

5

evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

The filing of a bankruptcy petition gives rise to an automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Because this case was filed prior to October 17, 2005, former subsection 362(h) (now subsection (k) after the 2005 bankruptcy amendments) is applicable and provides:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Under former subsection 362(h), the individual seeking damages has the burden of establishing by a preponderance of the evidence that (1) the actions taken were in violation of the automatic stay, (2) the violation was willful, and (3) the violation caused actual damages. *See Clayton v. King (In re Clayton)*, 235 B.R. 801, 806-07 & n.2 (Bankr. M.D.N.C. 1998); *see also In re Pawlowicz*, 357 B.R. 640 (Bankr. N.D. Ohio 2005); *Hampton v. Yam's Choice Plus Autos, Inc. (In re Hampton)*, 319 B.R. 163, 170-71 (Bankr. E.D. Ark. 2005) (involving On Time Pay System device and finding willful violation of automatic stay).

6

Defendants are moving for summary judgment and have the burden of showing "no genuine issue as to any material fact." Thus, even though Dawson has failed to timely oppose summary judgment, the Court cannot grant defendants' motion without first establishing the absence of a disputed material fact regarding at least one element of a willful stay violation. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970) (reversing the granting of summary judgment where plaintiff presented no admissible evidence of required element of claim but defendant did not present any evidence foreclosing that element). "[T]he Advisory Committee Note on the 1963 Amendment to subdivision (e) of Rule 56 made plain that 'where the evidentiary matter in support of the motion [for summary judgment] does not establish the absence of a genuine issue, summary judgment must be denied *even* if no opposing *evidentiary* matter is presented.' " *Fitzke v. Shappell*, 468 F.2d 1072, 1078 (6th Cir. 1972) (quoting *Adickes* and the Advisory Committee Note) (denying summary judgment even though supported by affidavits and no opposing evidence); *accord Vakilian v. Shaw*, 335 F.3d 509, 520 (6th Cir. 2003); *see also* 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 2739 at 391 (1998):

> The 1963 amendment implicitly recognizes that there are situations in which no defense will be required; in some situation this is true even though a motion for summary judgment has been supported by affidavits or other

7

evidentiary material. Rule 56(e) states that a defense is required only if the motion for summary judgment is "supported as provided in this rule" and that even if the opposing party fails to submit counter-evidence, summary judgment shall be entered only "if appropriate."

Defendants have failed to show the absence of a disputed material fact as to any element of a willful stay violation. On the contrary, defendants submitted Dawson's deposition which contains numerous statements that, when viewed in the light most favorable to Dawson, support a finding that defendants willfully violated the automatic stay and caused damage to Dawson. Specifically, Dawson alleges that the defendants refused to deactivate the On Time Pay System and attempted to repossess the car after receiving notice of Dawson's bankruptcy case. Dawson further claims that the On Time Pay System coupled with defendants' inaction caused the car to become inoperable for several weeks postpetition. Defendants dispute these claims and have submitted evidence, Simone's affidavit and Paytosh's deposition, to support their argument that debtor and her husband were to blame for their inability to use the Mustang postpetition. Defendants' rendition of the facts, if accepted by the Court, would support a determination that they did not willfully violate the automatic stay. The Court, however, must construe the facts in the light most favorable to Dawson, as the non-moving party, and must accept her deposition testimony as true. Thus, a material issue remains

in dispute, and summary judgment cannot be granted as to the claim of a willful violation of the automatic stay.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment (Docket #25) is denied. The parties and counsel are advised that the dates in the December 1, 2005, scheduling order – including the April 20, 2006, pretrial filing deadlines and the April 27, 2006, trial date – remain in effect.

IT IS SO ORDERED.

*/s/ Arthur I. Harris*
Arthur I. Harris
United States Bankruptcy Judge